UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRISTY VICCELLIO | CIVIL ACTION |
| VERSUS | |
| FOREMOST PROPERTY AND CASUALTY INSURANCE COMPANY | NO. 23-01181-BAJ-RLB |

RULING AND ORDER

Before the Court is Defendant's **Motion To Dismiss Pursuant To Federal Rules 4 And 12 (Doc. 16, the "Motion")**. Plaintiff opposes the Motion. (Doc. 26). For the following reasons, the Motion will be **DENIED**.

I.  BACKGROUND

For present purposes, the following facts are taken as true:

Plaintiff contracted with Defendant to insure Plaintiff's personal residence under an insurance policy (the "Policy"). (Doc. 1, ¶¶ 8–9). On August 29, 2021, while the Policy was still in effect, Plaintiff's residence sustained damages from Hurricane Ida. (*Id.* ¶¶ 13, 16). Plaintiff timely notified Defendant regarding Plaintiff's claim under the Policy. (*Id.* ¶ 19). Plaintiff gave Defendant full access to examine the insured premises. (*Id.* ¶ 23). Defendant, however, failed to timely pay for the evidenced loss. (*Id.* ¶ 34).

On August 29, 2023, Plaintiff, asserting the Court's diversity jurisdiction under 28 U.S.C. § 1332, filed this action against Defendant for breach of contract and

recovery of bad faith damages, attorney's fees, penalties, and costs under Louisiana Revised Statutes §§ 2:1892 and 22:1973. (*Id.* ¶¶ 3–4, 37–41). Plaintiff, however, did not serve Defendant until February 29, 2024. (*See* Doc. 11).

## II. LEGAL STANDARD

### 1. Rule 4(m)

Federal Rule of Civil Procedure 12(b)(5) provides for the dismissal of a claim if service was not timely made. When service of process is challenged, the party responsible for effectuating service bears the burden of establishing its validity. *Thomas v. Gulotta*, No. 15-cv-00435, 2018 WL 2750230, at *1 (M.D. La. June 7, 2018) (citing *Aetna Bus. Credit, Inc. v. Univeral Decor & Interior Design, Inc.*, 635 F.2d 434, 35 (5th Cir. 1981)). Under Rule 4(m), "If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." "[I]f the plaintiff shows good cause for the failure [to timely effectuate service], the court must extend the time for service for an appropriate period." *Rroku v. Cole*, 726 F. App'x 201, 207 (5th Cir. 2018).

"'[G]ood cause' under Rule 4(m) requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Gartin v. Par Pharm. Co.*, 289 F. App'x 688, 692 (5th Cir. 2008) (holding that a delay of seven months in serving one of the defendants is a clear record of delay). Despite these timing constraints, "[R]ule 4(m) broadens a district court's discretion by allowing it to extend the time for

2

service even when a plaintiff fails to show good cause." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). In particular, "[W]here the applicable statute of limitations likely bars future litigation, a district court's dismissal of claims under Rule 4(m) should be reviewed under the same heightened standard used to review a dismissal with prejudice." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325–26 (5th Cir. 2008).

A dismissal with prejudice under Rule 41(b) requires "a clear record of delay or contumacious conduct by the plaintiff," and a determination that "lesser sanctions would not serve the best interest of justice." *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006) (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982)). Among other considerations, courts have also inquired about the degree of actual prejudice to the defendant. *Rogers*, 669 F.2d at 320.

### 2. Rule 12(b)(6)

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

3

experience and common sense." *Id.* at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (*citing Twombly*, 550 U.S. at 556). When conducting its inquiry, the Court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). Conclusory allegations or legal conclusions are insufficient defenses to a well-pled motion to dismiss. *Turner v. Lieutenant Driver*, 848 F.3d 678, 685 (5th Cir. 2017).

### III. DISCUSSION

Defendant raises two arguments in the Motion. First, Defendant asserts that the case must be dismissed under Rule 12(b)(5) for untimely services of process. Second, Defendant argues that the case must be dismissed under Rules 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim. The Court will address each argument in turn.

#### 1. Untimely Service of Process

First, Defendant contends that the case must be dismissed under Rule 12(b)(5) for untimely services of process. (Doc. 16, ¶ 19). Defendant argues that Rule 4(m) allows Plaintiff only 90 days to serve Defendant, which left Plaintiff with a deadline of no later than November 25, 2023, to serve Defendant. (*Id.* ¶ 6). Defendant further explains that "[f]or reasons unknown" Plaintiff did not serve Defendant until February 29, 2024. (*Id.* at ¶ 6). In its Opposition Brief, Plaintiff provides no explanation or even acknowledgement of the untimely service of process. (Doc. 26).

Defendant correctly concludes that Plaintiff did not provide Defendant timely service of process, having served Defendant a full 94 days after Plaintiff's 90-day deadline expired.[1] And because Plaintiff did not provide any justification for the delay, Plaintiff has failed to show good cause for why the case should not be dismissed without prejudice.

Nonetheless, here the record calls for a more searching review before the Court may determine whether to dismiss the case for untimely service of process. This is because "the applicable statute of limitations likely bars future litigation,"[2] thereby invoking the heightened standard to dismiss with prejudice under Rule 41(b). *Millan*, 546 F.3d at 25–26.

"This heightened standard requires a clear record of delay or willful conduct by the plaintiff," which Defendant here does not demonstrate. *See Perkins v. Foremost Ins. Co.*, No 23- cv- 910, 2014 WL 623537 (M.D. La. Apr. 15, 2024); *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326–27 (5th Cir. 2008) (finding that "[a] delay which warrants dismissal with prejudice must be longer than just a few months; instead, the delay must be characterized by 'significant periods of total inactivity'") (quoting *McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1987)).

---

[1] The Court notes that Plaintiff's deadline for service of process was November 27, 2023, and not November 25, 2023, as Defendant contends.

[2] Under Louisiana state law, a ten-year statute of limitations applies to breach of contract and bad faith insurance claims such as those in this case. *See Smith v. Citadel Ins. Co.*, 2019-00052 (La. 10/22/19); 285 So. 3d 1062, 1069 (La. 2019). Upon agreement, however, parties to a contract subject to Louisiana state law may generally shorten the statute of limitations for suits brought based on the contract. *See Noland v. Sun Life Assurance Co. of Can.*, No. 00-30943, 2001 WL 360775, at *1 (5th Cir. Mar. 9, 2001). Here, it appears the parties may have done so. (*See* Doc. 16-1 at 42). Neither party having raised nor briefed the matter, the Court declines at this time to address it.

Plaintiff's delay of approximately three months, though considerable, does not constitute "contumacious conduct." Additionally, Defendant has not shown, or even suggested, any prejudice resulting from the delay in service.

For these reasons, the Court declines to dismiss this case for untimely service of process under Rule 12(b)(5).

### 2. Failure to State a Claim

Second, Defendant argues that the case must be dismissed under Rule 12(b)(6) for Plaintiff's failure to state a claim and relatedly under Rule 12(b)(1) for lack of subject matter jurisdiction. (Doc. 16, ¶ 4–5). Defendant asserts that Patricia Viccellio is the insured under the Policy. (*Id.* ¶ 4). Plaintiff in this case, however, is Christy Viccellio. (*Id.*). Defendant asserts that the "[t]he proper plaintiff, Patricia Viccellio, [who] was not named, is deceased and defendant has not been provided with any information as it relates to plaintiff's heir(s)." (*Id.* ¶ 4). Defendant contends that Patricia Viccellio never transferred the Policy to Plaintiff, and Patricia Viccellio did not list Plaintiff as an insured under the Policy. (*Id.* ¶ 1–2, 4). Defendant further argues that "plaintiff is not the proper party; therefore, it is unclear if diversity jurisdiction can be invoked purely on the basis of the allegations stated in the pleadings filed." (*Id.* ¶ 5).

In support of this contention, Defendant argues that in Louisiana, only parties to an insurance contract and direct or third-party beneficiaries may sue defendant insurers. (*Id.* ¶ 1–2 n.2, 5) (citing *Harrison v. Safeco Ins. Co. of Am.*, No. 06- cv- 4664, 2007 WL 1244268 (E.D. La. Jan. 26, 2007)). Defendant references the Policy, attached

6

as an exhibit to the Motion, to prove Defendant's assertion that Plaintiff, having not been included in the Policy or substituted in the insured's place, does not have standing to sue Defendant under the Policy. (*Id.*). Defendant argues that courts examine the language of an insurance policy itself to determine if a party is an insured, additional insured, or third-party beneficiary. (*Id.*) (citing *Graphia v. Balboa Ins. Co.*, 517 F. Supp. 2d 854, 856 (E.D. La. 2007)).

In her Opposition Brief, Plaintiff counters that the Policy did in fact name Plaintiff as an insured. (Doc. 26, ¶ 6). As evidence, Plaintiff refers to, and provides, the first page of a Claim Outcome Letter regarding the Policy from Defendant addressed to Plaintiff and Patricia Viccellio. (*Id.*; Doc. 26-1). In response to Plaintiff's evidence, Defendant argues that the Claim Outcome Letter incorrectly lists both Patricia Viccellio and Plaintiff as insureds. (Doc. 27 at 4). Defendant asserts: "Listing Christy as an insured in the letter is clearly a typographical error as there are several pages of documentation associated with this claim and the letter is the only place where this occurs." (*Id.* at 4–5). Defendant provides a full copy of the Claim Outcome Letter. (Doc. 16-3).

Typically, if a court considers materials outside of the pleadings, the motion to dismiss must be treated as a motion for summary judgment under Rule 56(c). *Tuley v. Heyd*, 482 F.2d 590, 592 (5th Cir. 1973). Nonetheless, "a district court may rely on evidence outside the complaint, without converting the Rule 12(b)(6) motion into a motion for summary judgment, if that evidence is . . . a document attached to the Rule 12(b)(6) motion, referred to in the complaint, and central to the plaintiff's

7

claim." *George v. SI Grp., Inc.*, 36 F.4th 611, 619 (5th Cir. 2022). "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000). "But going beyond the pleadings is otherwise error." *George*, 36 F.4th at 619 (citing *Brand Coupon Network v. Catalina Mktg.*, 748 F.3d 631, 635 (5th Cir. 2014)).

Here, although Plaintiff did not attach the Policy to its Complaint, Defendant attached the Policy to its Motion. (*See* Doc. 16-1). The Policy serves as the insurance contract upon which Plaintiff's claims for breach of contract, bad faith damages, attorney's fees, penalties, and costs are based. (*See* Doc. 1, ¶¶ 8–21, 37–41). Plaintiff refers to the Policy in her Complaint, and that Policy is central to Plaintiff's claim. Thus, the Court can consider the terms of the Policy at this juncture.

The parties both refer to a Claim Outcome Letter in their briefing (Doc. 16 at 2, n.8; Doc. 26, ¶ 6; Doc. 27 at 4; Doc. 16-1). Plaintiff does not appear to refer to the Claim Outcome Letter in the Complaint. The parties also submitted different versions of the Claim Outcome Letter. For these reasons, the Court will not consider the Claim Outcome Letter on a Motion to Dismiss. The Court will similarly not consider the Estimate Letter attached to Defendant's Motion (Doc. 16-3) which Plaintiff also does not reference in the Complaint. Although these documents may serve as important evidence in the case, consideration of such evidence would be improper on a Motion to Dismiss.

Similarly, the Court cannot accept as true Defendant's reference to

8

Patricia Viccellio's death (Doc. 16 ¶ 4) or Defendant's lack of information about Plaintiff heir(s) (*Id.* ¶ 1–2, 4) because these are not facts alleged in the Complaint or articulated in the Policy. *See Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (On a motion to dismiss, the Court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff."); *Washington v. Off. Ct. Stenographer*, 251 F. Supp. 925 (E.D. Pa. 1966) (holding that "[a] motion to dismiss is not a proper vehicle for determination of facts outside the complaint" (citing *Rennie & Laughlin, Inc. v. Chrysler Corp.*, 242 F.2d 208 (9th Cir. 1957))). Thus, when considering this Motion, the Court considers only the Complaint and the Policy.

Notably, although the Complaint alleges that Plaintiff contracted with the Defendant, the Policy lists only "Patricia Viccellio" and does not explicitly list Plaintiff, Christy Viccellio, as an insured. To be sure, this raises questions of whether Plaintiff will be able to demonstrate sufficient evidence to prove Plaintiff's claims at trial or even survive summary judgment. Regardless, for this analysis, the Court accepts as true Plaintiff's assertion that Plaintiff is the "Viccellio" who contracted with Defendant. Viewing that fact in the light most favorable to Plaintiff, the difference in the first name on the Complaint as opposed to that of the insured noted in the Policy does not create enough doubt to justify dismissing the entire action without first allowing the parties to address this evidentiary issue.

As noted above, Defendant's subject matter jurisdiction challenge is linked to its contention that Plaintiff, Christy Viccellio, is not the "proper party" to assert this

claim. (Doc. 16 ¶ 5). Because the Court has already ruled Plaintiff has properly stated a claim against Defendant, including with respect to Plaintiff's identify as the allegedly insured under the Policy, the Court will not, at this time, dismiss this case for lack of subject matter jurisdiction. The Court emphasizes, however, that subject matter jurisdiction may be raised at any point in the litigation, and so this ruling does not preclude further challenges to it. *See* Rule 12(h)(3); *GBForefront, L.P. v. Forefront Mgmt. Grp.*, 888 F.3d 29, 34 (3rd Cir. 2018).

For these reasons, the Court declines to dismiss this case for failure to state a claim under Rule 12(b)(6) or lack of subject matter jurisdiction under Rule 12(b)(1).

### IV.  CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion (Doc. 16)** be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that this matter be and is hereby **REFERRED** to the Magistrate Judge for the issuance of a scheduling order.

Baton Rouge, Louisiana, this 31st day of March, 2025

*[signature]*

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA